IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONIR GEORGE, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 21-74-LPS |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et. al., | : | |
| Respondents. | : | |

**MEMORANDUM**

I.  **BACKGROUND**

In October 2009, following a bench trial, the Delaware Superior Court found Petitioner guilty but mentally ill of first degree murder, attempted first degree murder, first degree reckless endangering, and three counts of possession of a firearm during the commission of a felony. *See George v. State*, 5 A.3d 630 (Table), 2010 WL 4009202, at *1 (Del. Oct. 13, 2010). He was sentenced to life in prison for the first degree murder conviction, and to a total of nineteen years at Level V for the remaining convictions. *See id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See id.* at *2.

In October 2011, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See George v. Metzger*, 2018 WL 4554502, at *1 ( D. Del. Sept. 21, 2012). The Superior Court denied the Rule 61 motion on June 29, 2012. *See George v. State*, 2012 WL 2553347 (Del. Super. Ct. June 29, 2012). On post-conviction appeal, the Delaware Supreme Court vacated that decision and remanded the case to the Superior Court so that counsel could be appointed to represent Petitioner in his Rule 61 proceeding. *See*

*George v. State*, 61 A.3d 618 (Table), 2013 WL 543899, at *1 (Del. Feb. 12, 2013). On remand, the Superior Court denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed that decision on March 6, 2015. *See George v. State*, 2015 WL 1000228, at *4 (Del. Mar. 6, 2015).

In April 2015, Petitioner filed his first habeas petition in this Court, asserting the following claims: (1) his waiver of a jury trial was not knowing and voluntary; (2) defense counsel provided ineffective assistance by (A) failing to argue that the trial judge's insufficient colloquy rendered his waiver of a jury trial unknowing and involuntary, and (B) rejecting the Superior Court's offer to have an independent psychiatrist evaluate Petitioner's competency; (3) appellate counsel provided ineffective assistance by filing a no-merits brief on direct appeal; (4) the Superior Court denied his right to due process during his Rule 61 proceeding by not granting him an evidentiary hearing; and (5) he was denied his right of confrontation when he was not included in an office teleconference that occurred on October 21, 2009 during his bench trial. *See George*, 2018 WL 4554502, at *3. The Court denied the petition after determining that Claims One, Two (A), and Three were meritless, Claims Two (B) and Five were procedurally barred, and Claim Four failed to assert an issue cognizable on federal habeas review. *See id.* at *3-9. The Third Circuit denied Petitioner's request for a certificate of appealability "for substantially the reasons given" by this Court. *See George v. Warden*, 2019 WL 12536601, at *1 (3d Cir. Apr. 8, 2019). The United States Supreme Court denied Petitioner's petition for writ of certiorari on January 13, 2020. *See George v. Metzger*, 140 S.Ct. 830 (Jan. 13, 2020).

Meanwhile, in July 2018 and March 2020, Petitioner filed two more Rule 61 motions in the Delaware Superior Court, alleging that he had newly-discovered evidence relating to the State's ballistics expert, Carl Rone, and also that the Deputy Attorney General who prosecuted his case had engaged in aggressive prosecutorial misconduct in another case. *See State v. George*, 2020 WL

2

2375044, at *1 (Del . Super. Ct. May 11, 2020). The Superior Court denied both Rule 61 motions, and the Delaware Supreme Court affirmed those decisions. *See George*, 2020 WL 2375044, at *1-2; *State v. George*, 2020 WL 5117963, at *2 (Del. Super. Ct. Aug. 31, 2020); *George v. State*, 244 A.3d 1006 (Table), 2020 WL 7663170 (Del. Dec. 23, 2020).

On January 26, 2020, Petitioner filed the habeas Petition ("Petition") presently pending before the Court. The Petition explicitly asserts the following four grounds for relief: (1) the Superior Court erred in denying his third Rule 61 motion; (2) prosecutorial misconduct "create[s] a doubt of trial outcome," (3) the bars to relief contained in Delaware Superior Court Rule 61(i)(1)-(4) do not apply to his colorable claim; and (4) he was denied his due process right to a fair trial because of the multiple *Brady v. Maryland* violations that occurred during his trial. (D.I. 1) Petitioner also filed a Motion for an Evidentiary Hearing which, liberally construed, appears to assert an argument that newly-discovered ballistics evidence will demonstrate his actual innocence. (D.I. 2)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128,139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See*

3

*Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The instant Petition challenges the same 2009 convictions for first degree murder, attempted first degree murder, first degree reckless endangering, and three counts of possession of a firearm during the commission of a felony that Petitioner challenged in his first habeas petition; the Court's dismissal of Petitioner's first petition was on the merits. To the extent Petitioner attempts to avoid the second or successive bar by asserting he has newly-discovered evidence concerning the reliability of the ballistics evidence (D.I. 2 at 1), the Third Circuit must determine if such evidence warrants authorizing Petitioner to file a second habeas petition.

Since Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending Petition, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction, and will dismiss the pending Motion for an Evidentiary Hearing as moot. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

4

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant habeas Petition for lack of jurisdiction, and dismiss as moot the Motion for an Evidentiary Hearing. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated:  September 24, 2021

_____
UNITED STATES DISTRICT JUDGE